IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BRENT HAYNES,

    Petitioner,

v.                                                                                            No. 1:16-cv-01109-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER GRANTING MOTION TO SUPPLEMENT § 2255 PETITION
AND
DIRECTING RESPONDENT TO RESPOND

---

On May 16, 2016, Petitioner, Brent Haynes, filed a *pro se* motion to vacate, set aside, or correct his sentence ("the Petition") pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.) He asserts that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), renders unconstitutional his conviction under 18 U.S.C. § 924(c) for possession of a firearm during and in relation to a crime of violence, to wit, carjacking under 18 U.S.C. § 2119. He insists that the definition of "crime of violence" under the statute's residual clause, 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague, and that carjacking is not categorically a "crime of violence" under the statute's use-of-force clause, 18 U.S.C. § 924(c)(3)(A). On July 5, 2018, Petitioner filed a motion to supplement his Petition, arguing that the recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), further supports his claim. (D.E. 7.) In that case, the Supreme Court held that the definition of "crime of violence" as set forth in 18 U.S.C. § 16(b) is

1

impermissibly vague.  *See Dimaya*, 138 S. Ct. at 1210.[1]  The motion to supplement is GRANTED.

Respondent, United States of America, is ORDERED to file a response to the Petition, as supplemented, within twenty-eight (28) days from the date of this order.  *See Rules Governing Section 2255 Proceedings for the United States District Courts* ("Habeas Rules"), Rule 5(a).

Petitioner may, if he chooses, submit a reply to the response within twenty-eight days of service.  *See* Habeas Rule 5(d).  He may request an extension of time to reply by filing a motion on or before the due date of his reply.

IT IS SO ORDERED this 13th day of December 2018.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1] On October 1, 2018, the Supreme Court in *Manners v. United States*, 139 S. Ct. 56 (2018), granted certiorari and remanded the case to the Sixth Circuit for consideration of whether § 924(c)(3)(B) is unconstitutionally vague in light of *Dimaya*.  The remand calls into question the Sixth Circuit's decision in *United States v. Taylor*, 814 F.3d 340, 376 (6th Cir. 2016), which held that § 924(c)(3)(B) is not unconstitutional.