IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BRENT HAYNES,

    Petitioner,

v.                                          No. 1:16-cv-01109-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is the *pro se* motion of Petitioner, Brent Haynes, to vacate, set aside, or correct his sentence ("the Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.) For the following reasons, the Petition is DENIED.

In 2012, Haynes pleaded guilty to carjacking, in violation of 18 U.S.C. § 2119, possession of a firearm in furtherance of a crime of violence (carjacking), in violation of 18 U.S.C. § 924(c), and being a fugitive in possession of a firearm, in violation of 18 U.S.C. § 922(g). (*United States v. Haynes*, No. 1:12-cr-10030-JDB-1, D.E. 47.) The Court imposed a sentence of 117 months' incarceration and two years of supervised release. (*Id.* at D.E. 55.) Haynes did not take a direct appeal. He filed his Petition in May 2016, seeking to have his firearm conviction and sentence vacated.

A prisoner seeking to vacate his sentence under § 2255 "must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). The petitioner has

the burden of proving by a preponderance of the evidence that he is entitled to relief. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Haynes asserts that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), renders unconstitutional his conviction under 18 U.S.C. § 924(c), for possession of a firearm during and in relation to a "crime of violence." He insists that the definition of "crime of violence" under the statute's residual clause, 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague, and that carjacking is not categorically such a crime under the statute's elements clause, 18 U.S.C. § 924(c)(3)(A), because it can be committed by intimidation. (D.E. 1 at PageID 2-6.)

On July 5, 2018, he filed a motion to supplement his Petition, arguing that the recent decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), further supports his claim. (D.E. 7 at PageID 16-18.) The Court allowed Petitioner to supplement the Petition with his *Dimaya* argument and ordered Respondent, United States of America, to respond to the Petition, as supplemented. (D.E. 8 at PageID 21.) On February 13, 2019, the Government filed its response, arguing that the Petition's sole claim is without merit.[1] (D.E. 12.) The Court agrees.

"The federal carjacking statute provides that a person is guilty of carjacking when, 'with the intent to cause death or serious bodily harm,' a person 'takes a motor vehicle ... from the person or presence of another by force and violence or by intimidation.'" *United States v. Jackson*, 918 F.3d 467, 484 (6th Cir. 2019) (quoting 18 U.S.C. § 2119). The firearm statute, 18 U.S.C. § 924(c), provides in pertinent part that,

> [e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, *any person who, during and in relation to any crime of violence* or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, *uses or carries a firearm, or who, in*

---

[1] The inmate did not file a reply, although allowed to do so. (*See* D.E. 8 at PageID 21.)

*furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—*

> (i) be sentenced to a term of imprisonment of not less than 5 years;
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A)(i)-(iii) (emphasis added).

Section 924(c)(3) sets forth a "two-part definition" of crime of violence, "only one part of which need apply." *United States v. Robinson*, 708 F. App'x 272, 273 (6th Cir. 2017). "First, a crime of violence is a felony that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *Id.* (quoting 18 U.S.C. § 924(c)(3)(A)). This is known as the "elements clause." *Jackson*, 918 F.3d at 485. "Second, a crime of violence is a felony 'that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.'" *Robinson*, 708 F. App'x at 273 (quoting 18 U.S.C. § 924(c)(3)(B)). This language is referred to as the statute's "residual clause." *United States v. Camp*, 903 F.3d 594, 597 n.2 (6th Cir. 2018).

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), contains similarly worded clauses. *See* 18 U.S.C. § 924(e)(2)(B). In *Johnson*, the United States Supreme Court held that the ACCA's residual clause is unconstitutionally void for vagueness. *Johnson*, 135 S. Ct. at 2557. Therefore, an enhanced sentence under that clause violates due process as guaranteed by the Fifth Amendment. *Id.* at 2556-57. Subsequently, in *Dimaya*, the Court held that the "residual clause in 18 U.S.C. § 16(b) . . . is unconstitutionally vague as incorporated into the Immigration and Nationality Act's definition of 'aggravated felon.'" *Jackson*, 918 F.3d at 484) (citing *Dimaya*, 138 S. Ct. at 1215).

3

Petitioner, here, argues that *Johnson* and *Dimaya* invalidate § 924(c)'s residual clause. In *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), the Sixth Circuit held that § 924(c)'s residual clause is not void for vagueness. *Taylor*, 814 F.3d at 375–76. The Sixth Circuit has recently acknowledged, however, that *Taylor* "stands on uncertain ground" after *Dimaya*. *United States v. Richardson*, 906 F.3d 417, 425 (6th Cir. 2018), *cert. granted and judgment vacated on other grounds*, No. 18-7036, 2019 WL 2493913 (June 17, 2019 U.S.) (mem.).

Nevertheless, even if § 924(c)(3)'s residual clause is unconstitutionally vague, Petitioner is not entitled to relief. In a recent decision of first impression in this Circuit, the Sixth Circuit declined to address the constitutionality of § 924(c)'s residual clause and upheld the defendants' § 924(c) convictions on the ground that "carjacking is a crime of violence under § 924(c)'s elements clause." *Jackson*, 918 F.3d at 485. The defendants in that case argued, as does Petitioner here, that, because carjacking can be accomplished by intimidation, it is not a crime of violence. *Id.* The Sixth Circuit rejected the argument, finding that "'intimidation necessarily involves the threatened use of violent physical force." *Id.* at 486.

Because Petitioner's carjacking offense is a crime of violence, his § 924(c) firearm conviction is not constitutionally invalid. The Petition is DENIED.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)–(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate

4

to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252–53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[2]

IT IS SO ORDERED this 18th day June, 2019.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.